IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HANCOCK BANK,** a Mississippi banking corporation,

      Plaintiff,

vs.

CASE NO: 4:12-cv-00387-MW-CAS

**BOOTH HOLDINGS BOOTH TRUST, LLC,** a Florida limited liability company, **DAVID A. BARRETT,** an individual, **CITY OF TALLAHASSEE,** a political subdivision of the State of Florida, **UNKNOWN TENANTS IN POSSESSION OF 2411 S. MONROE STREET, TALLAHASSEE, LEON COUNTY, FLORIDA,** an individual or entity, **HURLEY H. BOOTH, JR.,** an individual, **FRANCES MEGINNISS BOOTH TRUST,** an irrevocable trust under trust agreement dated February 2, 1995, **UNKNOWN TENANT IN POSSESSION OF 2410 S. MONROE STREET, TALLAHASSEE, LEON COUNTY, FLORIDA,** an individual or entity, **UNKNOWN TENANT IN POSSESSION OF 2416 S. CALHOUN STREET, TALLAHASSEE, LEON COUNTY, FLORIDA,** an individual or entity,

      **Defendants.**
_____/

## ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT

This Court has considered, without hearing, Plaintiff's Unopposed Motion for Summary Judgment on Counts I, IV and VII of the Amended Complaint, Statement of Material Facts in Support and Request for Entry of Stipulated Judgments on Counts I, IV and VII Pursuant to Fed. R. Civ. P. 54(b) & (d) and 56, ECF No. 48.  In this case, Defendant Booth Holdings Booth Trust, LLC, consents to the entry of summary judgment. *Id*.

1

The basic issue before this Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986).  Because "'[a]ll reasonable doubts about the facts should be resolved in favor of the non-movant[,]'" This Court accepts the facts in the light most favorable to Defendant.  *Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (*quoting Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999).   However, Defendant has consented to Plaintiff's assertion of facts. Doc. 48.  Thus, this Court will consider the Plaintiff's assertion of facts as undisputed. Fed. R. Civ. P. 56(e)(2).  Plaintiff's statement of material facts to which there is no genuine issue to be tried is incorporated in this order by reference. Doc. 48.

Because reasonable minds could not differ on the inferences arising from undisputed facts, this Court **GRANTS** summary judgment as to Counts I, IV and VII in favor of Plaintiff. *See Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

Accordingly, Plaintiff's consented Motion for Summary Judgment (Doc. 48) is **GRANTED**.

**SO ORDERED on April 2, 2014.**

**s/Mark E. Walker               
United States District Judge**
